IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY JOSEPH PETERS                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 1:13-cv-541-KS-MTP

DR. RON WOODALL, ET AL.                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claim against Defendant Dr. Zane should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the undersigned recommends that Plaintiff's claim against Defendant Dr. Zane be dismissed. This case should continue as to the remaining Defendants.

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where Plaintiff is currently housed. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

According to Plaintiff, around 2009 or 2010, he developed a rash on his neck, and Dr.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

1

McKleave and Nurse Practitioner McClain treated the rash.  Later, the rash allegedly spread to the area around Plaintiff's eyes.  According to Plaintiff, Dr. McKleave continued to treat the rash and prescribed several different medications, but the rash persisted.  Around 2011 or 2012, Dr. McKleave allegedly referred Plaintiff to a dermatologist, and he was transferred to Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi, in order to receive treatment.

According to Plaintiff, while at CMCF, he was treated by an eye doctor, Dr. Bear, but did not see a dermatologist.  Dr. Bear allegedly prescribed antibiotics and a medicated cream for Plaintiff's rash.  Plaintiff allegedly was housed at CMCF for approximately eight months, during which time Plaintiff saw Dr. Bear on multiple occasions but did not see a dermatologist.  After Plaintiff returned to SMCI, he informed Dr. McKleave that he had not seen a dermatologist.  Dr. McKleave allegedly told him that Defendant Dr. Zane had changed Plaintiff's appointment from a dermatologist to an eye doctor.  Plaintiff alleges that he never saw or spoke to Dr. Zane and does not know the reason Dr. Zane changed his appointment.  Plaintiff was eventually seen by a dermatologist, but Plaintiff is also unsatisfied with the dermatologist's treatment.[3]

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section

---

[3] Plaintiff makes additional allegations against Defendants Dr. Ron Woodall and Wexford Health, but the undesigned will not address those allegation in this Report and Recommendation.  Plaintiff's claims are fully discussed in the Omnibus Order [27].

2

1915(e)(2) applies to the instant case.

Plaintiff's allegations are an attempt to assert a claim against Defendant Dr. Zane for a violation of the Eighth Amendment. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the

"best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

According to Plaintiff, he was informed by another doctor that Dr. Zane changed one of Plaintiff's appointments from a dermatologist to an eye doctor. Plaintiff has not alleged facts which if true would demonstrate that Dr. Zane knew of and disregarded a substantial risk of harm to Plaintiff's health. Dr. Zane did not ignore Plaintiff's complaint or deny him medical treatment. To the contrary, Plaintiff concedes that he was seen and treated by an eye doctor for the rash around his eyes. Despite the possibility that the eye doctor's treatment was unsatisfactory, there is no indication that Dr. Zane recognized a serious risk of harm and consciously ignored it. *See Farmer*, 511 U.S. at 837-38. Additionally, Plaintiff's disagreement with the medical treatment does not state a claim for deliberate indifference. *Norton*, 122 F.3d at 292. At best, Plaintiff may have stated a claim for negligent medical care which is plainly insufficient to state a cognizable claim under Section 1983. *Domino*, 239 F.3d at 756. Thus, Plaintiff has failed to state a claim based on inadequate medical treatment.

## RECOMMENDATION

Plaintiff fails to state a claim against Dr. Zane upon which relief may be granted. Therefore, the undersigned recommends that Plaintiff's claim against Dr. Zane be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii). This case should continue as to the remaining Defendants.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 25th day of February, 2015.

> s/ Michael T. Parker
> United States Magistrate Judge